UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-6856-GW-AFMx | Date | September 17, 2020 |
| Title | West Coast Servicing, Inc. v. John Akrabian, et al. | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER**

On July 30, 2020, pro per defendants John and Marina Akrabian removed this unlawful detainer action to federal court from the Los Angeles County Superior Court. Because subject matter jurisdiction is lacking here, the Court will forthwith remand the matter to state court. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case on the merits is not necessary when dismissal is for lack of subject matter jurisdiction).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party attempting to remove an action from state to federal court bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447.

Defendants appear to assert – or at least their Notice of Removal (*see* Docket No. 1) may be understood as asserting – that this action may be removed to federal court because this Court would have original jurisdiction over the action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction).

First, as to federal question jurisdiction, in order to remove a case to federal court based on federal question jurisdiction, the federal question must appear on the face of a plaintiff's complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-6856-GW-AFMx | Date | September 17, 2020 |
| Title | West Coast Servicing, Inc. v. John Akrabian, et al. | Page | 2 of 2 |

jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). The Complaint in this action presents only an unlawful detainer claim based on the California Code of Civil Procedure, and therefore does not present a federal question. *See* Complaint, Docket No. 1 at 5-6. Any rights based in federal law that Defendants believe they have by way of a defense or a basis for a counterclaim does not give this Court original jurisdiction over Plaintiff's unlawful detainer case.

With respect to diversity jurisdiction, there must be complete diversity of citizenship between the parties on opposing sides and the amount in controversy must be in excess of $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Defendants have not alleged the citizenships of the Plaintiff or of themselves and, hence, there is no basis to find a complete diversity of citizenship. Likewise, Defendants have not established the amount in controversy. In an unlawful detainer actions, the amount in controversy is the daily rental value of the property, as alleged in the Complaint. *See, e.g., 21st Mortg. Corp. v. Jackson*, No. 2:16-cv-07439-CAS (AFMx), 2016 WL 7477536, *2 (C.D. Cal. Dec. 28, 2016) ("In unlawful detainer actions, California courts have noted that the right to possession alone [is] involved, – not title to the property . . . . Therefore, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." [citation and internal quotation marks omitted]). Here, Plaintiff seeks damages in the sum of $76.76 per day for the period from the expiration of the notice to quit and the entry of judgment. Obviously, that amount, as of the time of removal, fell far below the necessary $75,000.01 required for diversity jurisdiction.

For the foregoing reasons, the Court finds that there is no subject matter jurisdiction over the present litigation and the action is forthwith remanded to the Superior Court of the State of California for the County of Los Angeles.